## CHARLES I. SILBERMAN *vs.* FRANK CAPLAN.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

The defendant, who dealt only in gas and electric supplies in New Haven, agreed to take a suitable line of plumbers' supplies, to be selected by the plaintiff, a wholesale dealer in both kinds of these supplies in New York City, on condition that he, the defendant, should have the right to return any of the plumbers' supplies which he found he could not sell, and pay only for such as he retained. *Held:*—
1. That payment in full for all the plumbers' supplies within thirty days of their shipment, for the sole purpose of securing the benefit of a

Silberman *v.* Caplan.

two per cent discount and without any intention of thereby electing to keep the goods, did not deprive the defendant of his right to return, within a reasonable time, such of the supplies as proved to be unsalable.

2. That an acceptance of the goods, under the circumstances, did not conclude the defendant, since his right to return could only arise after taking a reasonable time to test the salability of the supplies.

3. That the parties must have contemplated the possibility of payment within thirty days—in order to take advantage of the discount— and therefore must have contemplated payment before the salability of the supplies could reasonably be ascertained.

Submitted on briefs October 24th—decided December 17th, 1918.

ACTION to recover an alleged balance due for merchandise sold, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $32.73 only, from which he appealed. *No error.*

Plaintiff is a wholesale dealer in plumbers' supplies and gas and electric fixtures in New York City. Defendant, a retail dealer in gas and electric supplies in New Haven, consulted the plaintiff with a view to adding the sale of plumbers' supplies to his business, and because of the defendant's lack of experience in handling these goods, it was agreed that the plaintiff should select a suitable line of plumbers' supplies which the defendant would buy on condition that he should have the right to return any part which he could not use or sell, and pay only for such as were retained. On March 2d, 1917, plumbers' supplies of the agreed price of $453.81, less 2% discount for cash within thirty days, were sold to the defendant on these terms, and at the same time gas and electric fixtures of the price of $180.74 were sold outright to the defendant. A cash payment of $100 was made at the time and applied, at defendant's request, on the purchase of gas and electric fixtures. Beginning immediately after shipment, and before some of the plumbers' supplies had been received,

the plaintiff requested the defendant to pay for all of the goods. Within thirty days the defendant asked that the original payment of $100 be transferred to and credited upon the account for plumbers' supplies, and made a further payment on that account which balanced it.

In making these payments the defendant did not intend to waive his right to return such of the plumbers' supplies as he might not be able to sell or use, but made them for the purpose of taking the benefit of the 2% discount on the merchandise which he should finally become obligated to pay for. On May 7th, 1917, the defendant reshipped to the plaintiff plumbers' supplies of the invoice value of $195 because he found them unsalable, claiming that the plaintiff was bound to take them back and credit him with their value on the other account for gas and electric fixtures.

Plaintiff refused to receive them, on the ground that by paying for all the plumbers' supplies the defendant had elected to retain them.

*Samuel Campner*, for the appellant (plaintiff).

*Jacob Caplan*, for the appellee (defendant).

BEACH, J. The trial court held that the plaintiff was bound to take back the plumbers' supplies reshipped to him on May 7th, 1917, and give credit therefor, and rendered judgment for a small balance still remaining due on the consolidated account. The question arising on the appeal is whether the court erred in holding that the defendant was entitled to credit for the returned plumbers' supplies.

The contract for the sale of these goods is not in writing, and from the findings of fact it appears that the contract was in the nature of a contract of sale or

return, under which the general property in the goods sold passed to the buyer, subject to a right to return "the whole or any part of the merchandise thus sold by the plaintiff, that he (the defendant) could not sell or use, and to pay for such of the goods that [as] should be retained by him." No time was fixed within which the right of return was to be exercised, and the court finds that the goods in question were returned within a reasonable time.

This statement of the case gives the buyer the same right of return which he would have had under subsection (d) of § 69 of the Sales Act (General Statutes, § 4735), if the seller had warranted the goods to be salable in the New Haven market, in which case the warranty would have continued in force for a reasonable time whether the goods were paid for or not. The real question seems to be whether, because of the form of the contract, the right of return was lost by paying for the goods before a reasonable time had elapsed for ascertaining whether or not they were returnable, in order to take the benefit of a discount offered by the terms of the contract.

No exception on the ground that it is not supported by evidence, is taken to the finding that the payment was not intended as an election to keep the goods, and this finding puts an end to any claim that the defendant thereby voluntarily elected to keep the goods, or waived the right to return them.

It is said that the plaintiff, being ignorant of the defendant's motives, had a right to suppose that the transaction was closed by the payment, and that it is inequitable to reopen it. But the finding that the plaintiff began to request payment in full before some of the goods were received by the defendant, although he knew that it would take some time for an inexperienced salesman to find out whether the selected line of plumb-

ers' supplies was salable in the New Haven market, indicates that the plaintiff did not then suppose that prompt payment was inconsistent with a subsequent opportunity to test their salability.

The doctrine of voluntary payment does not apply because the rights of the parties are governed by the contract; and the claim that the defendant is concluded because he accepted the goods is irrelevant because, under the contract, the right to return the goods if found unsalable, could not arise until after the general property had passed to the buyer.

The contract is not a simple contract of sale or return at the election of the buyer. He had no right to return the goods without first taking a reasonable time to test their salability, and the court has found that two months was a reasonable time to take for that purpose. It seems to follow that the parties must have contemplated the possibility that the defendant might pay for the goods, in order to take the benefit of the 2% discount for cash within thirty days, before it could reasonably be ascertained whether they were returnable.

There is no error.

In this opinion the other judges concurred.